UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRINIZE LYNETTE HAYWOOD, *individually
and on behalf of others similarly situated,*

                               *Plaintiff,*

      -against-

WIBERT RUFFIN III, KECIE ANCAR, and
DORIS ANCAR,

                               **COMPLAINT**

                              *Defendants.*
-----------------------------------------------------------x

                               **ECF Case**

Plaintiffs TRINIZE LYNETTE HAYWOOD, by her attorney, Allan W. Jennings, Jr., upon her knowledge and belief, and as against WIBERT RUFFIN III , ("Defendant Ruffin") and KECIE ANCAR ("Defendant Kecie") and DORIS ANCAR, ("Defendant Doris" ), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiff Trinize Lynette Haywood (a/k/a Plaintiff Haywood") resides at 770 East 178th Street in the Bronx in NY 10460

2. Defendant Wibert Ruffin III resides at 1421 Nelson Street Apt. 402, Denver, CO 80215.

3. Defendant Kecie Ancar resides at 6101 Tullis Dr., New Orleans, LA 70131-9100

4. Defendant Doris Ancar resides at 13709 Cavelier Dr., New Orleans, LA 70129.

5. Defendants WIBERT RUFFIN III, and KECIE ANCAR and DORIS ANCAR are Defendants in the instant action, and each were at 31 Flintlock Drive, Howell, New Jersey on December 6, 2023, around 4:00 p.m. and each by their conduct at this address did mistreat and commit various and sundry torts against that Plaintiff Haywood.

6. Plaintiff Haywood was accosted by her cousin Defendant Kecie Ancar. Plaintiff Haywood was walking up the steps at 31 Flintlock Drive when Defendant Kecie Ancar unprovoked came toward her and repeatedly punched her up against the wall. Plaintiff Haywood tried to defend herself but was unable to.

7. At this stage her uncle tried to break up the fight with the result being that Plaintiff Haywood and Defendant Kecie Ancar fell to the floor. At this moment her aunt Doris Ancar hit her with a cane in her back.

8. After that, the Plaintiff was helped into the bathroom by her uncle. After about a minute Plaintiff walked out of the bathroom thinking that Defendant Kecie Ancar had left the scene or cooled her temperament. Unfortunately, such was not the case and Defendant Kecie Ancar proceeded to grab here again and repeatedly hit her in her face.

9. It is at this point her aunt Defendant Doris Ancar decided to go live on facebook to broadcast it. This took place for about 2 minutes. The plaintiff then retreated back to the basement.

10. After the incident Defendant Wilbert Ruffing III informed the plaintiff via a facebook post that "Trinize Haywood. I hope you got your video now and call the police bitch just like I got money to send my mom there for a week to make sure she touch your ass. I'll send money to get her out, money real long on this end…." This post was made 27 miniates after the incident.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.     In addition, there is ample diversity of jurisdiction since the complained of conduct occurred in New Jersey while the Defendants hale from two different states and the Plaintiff resides in the Bornx in New York State.

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and because the Plaintiff resides in this district.

14.     At all times mentioned herein, plaintiff, TRINIZE LYNETTE HAYWOOD , has been a resident of the County of the Bronx, State of New York.

15.     At all times mentioned herein, defendant KECIE ANCAR and DORIS ANCAR have been residents of the State of Louisianna.

16.     At all times mentioned herein, defendant WIBERT RUFFIN III., has been a resident of the State of Colorado.

## PARTIES

### *Plaintiffs*

17.     Plaintiff TRINIZE LYNETTE HAYWOOD ("Plaintiff Haywood is an adult individual residing in the Bronx County, New York.

### *Defendants*

18.     At all times mentioned herein, defendant KECIE ANCAR and DORIS ANCAR have been residents of the State of Louisianna.

19. At all times mentioned herein, defendant WIBERT RUFFIN III., has been a resident of the State of Colorado.

## FACTUAL ALLEGATIONS

*Defendants Are Jointly and Severally Liable*

### FIRST CAUSE OF ACTION AGAINST RUFFIN III
### and/or KECIE ANCAR and/or DORIS ANCAR

20. Plaintiff repeats paras. 1-15 above.

21. That Ruffin III and/or K. Ancar and/or D. Ancar committed a civil battery upon TRINIZE LYNETTE HAYWOOD .

22. That Ruffin III and/or K. Ancar and/or D. Ancar are civilly liable for money damages.

### SECOND CAUSE OF ACTION AGAINST RUFFIN III
### and/or KECIE ANCAR and/or DORIS ANCAR

23. Plaintiff repeats paragraphs. 1-15 above.

24. That Ruffin III and/or K. Ancar and/or D. Ancar civilly assaulted TRINIZE LYNETTE HAYWOOD.

25. That Ruffin III and/or K. Ancar and/or D. Ancar ares civilly liable for money damages.

### THIRD CAUSE OF ACTION AGAINST RUFFIN III
### and/or KECIE ANCAR and/or DORIS ANCAR

26. Plaintiff repeats paras. 1-15 above.

27. That Ruffin III and/or K. Ancar and/or D. Ancar is/are liable to plaintiff under the New York City Victims of Violent Crime Protection Act, Title 10, New York City Administrative Code, sections 10-401 et seq.

28. That W. Ruffin III and/or K. Ancar and/or D. Ancar are civilly liable for money damages, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION AGAINST RUFFIN III and/or KECIE ANCAR and/or DORIS ANCAR

### PRIMA FACIE TORT

29. The plaintiff hereby repeats and re-alleges all of the allegations contained in paragraphs "1" through "23" herein above, as though each and every allegation were set forth in its entirety herein.

30. Defendants, engaged in a course of conduct designed to interfere with the person of the plaintiff, TRINIZE LYNETTE HAYWOOD, as outlined above, to wit; defendants having made numerous false and malicious allegations and reports, posted injurious, insulting and inflammatory matters on social media.

31. Defendants, aforesaid conduct was committed without justification and solely to harm the plaintiff, TRINIZE LYNETTE HAYWOOD.

32. Defendants, aforesaid conduct caused the plaintiff, TRINIZE LYNETTE HAYWOOD, to suffer a financial loss.

33. Defendants, aforesaid conduct was intended to cause the plaintiff TRINIZE LYNETTE HAYWOOD, to suffer financial loss.

34. As a result of the conduct of defendants, the plaintiff, TRINIZE LYNETTE

HAYWOOD, suffered financial loss, including, legal fees, loss of earnings, injury to professional reputation.

## FIFTH CAUSE OF ACTION
### (DEFAMATION-LIBEL-SLANDER)

35. Plaintiff incorporates each and every allegation of this Complaint and re-alleges them as though they were fully set forth herein.

36. Plaintiff is a reputable individual.

37. Defendant Kecie Ancar and Doris Ancar and Wilbert Ruffian III fancy themself larger-than-life characters posting items to blogs and the internet. On or about December 6th and December 7th, 2023, they posted or republished the following video blog wherein they identified plaintiff was called a "bitch" and cast her in an unfavorable light.

38. Also posted or republished on that date was video featuring Defendant Kecie Ancar and Defendant Doris Ancar pummeling Plaintiff.

39. Defendants deliberately sought to damage and destroy Plaintiff's reputation and personal wellbeing by deliberately, knowingly and/or recklessly posting, publishing, and disseminating these lies on social media video postings containing false statements accusing Plaintiffs of being a thief which was patently and unequivocally false.

40. Defendant continues to post false and disparaging and slanderous statements about Plaintiff (See Exhibit A, B and C Transcription of Video postings on or about December 6th and 7th 2023.

41. Each and every statement accusing Plaintiffs of being a thief is entirely false as it pertains to Plaintiffs. Each and very statement suggesting that the Plaintiff was fraudsters or are

involved in illegal activity was likewise false.

42. The Defendants' statements was libelous on its face insofar as it clearly exposes Plaintiff to hatred, contempt, ridicule and obloquy because it accuses Plaintiff of something horrendous in the eyes of the community and in terms of the fraud allegations in the business community.

43. The statement was seen and read from on or about December 6th 2023 and through to the present day, by innumerable people via the internet.

44. As a proximate result of the above-described publication, Plaintiff has suffered a loss of reputation, spoiling of her brand, loss of income and revenue, shame, mortification, and injury to her feelings, all to her damage and detriment in a total amount to be established by proof at trial.

45. The above-described statement, publication or republication was not privileged because it was published by Defendants with malice, hatred, and ill will toward Plaintiffs and the desire to injure her. Because of Defendants' malice in publishing these false statements, Plaintiff seeks punitive damages in the amount of $1 million or a total amount to be established by proof at trial.

### SIXTH CAUSE OF ACTION
### (False imprisonment under 42 U.S.C. § 1983 as to Defendant Ruffin III)

46. Defendant violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally detaining Plaintiff.

47. The wrongful, unjustifiable, and unlawful detention of Plaintiff was carried out without Plaintiff's consent, and without justification.

48. At all relevant times, Defendants acted forcibly in physical detaining Plaintiff.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff incorporates each and every allegation of this Complaint and re-alleges them as though they were fully set forth herein.

51. Defendants' actions caused Plaintiff emotional or mental trauma.

52. Defendants attacked Plaintiff without provocation and then to add insult to injury filmed the spectacle and displayed in to the public on Facebook to increase Plaintiff's mental trauma.

53. Intentional Infliction of Emotional Distress occurs when a person, through extreme or outrageous behavior intentionally or recklessly causes severe emotional distress, mental trauma and/or bodily harm to another.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) On his Cause of Action, that the defendants are liable for committing a False Arrest against the plaintiff and awarding damages to the plaintiff in an amount which is no less-than $5,000,000 (along with additional punitive damages in an amount to be determined by a Jury).

(b) On his Cause of Action, the defendants are liable for committing a Prima Facie Tort, against the plaintiff, TRINIZE LYNETTE HAYWOOD and awarding damages to the plaintiff in an

amount which is no less-than $5,000,000 (along with additional punitive damages in an amount to be determined by a Jury);

  (c) On all of his Causes of Action, for such other and further relief as to this Court may deem just and proper, including Counsel Fees on this Action.

  (d) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Queens, New York

   October 15, 2024

          LAW OFFICE OF ALLAN W. JENNINGS, JR., ESQ.

       By:  /s/ Allan W. Jennings, Jr.,
          Allan W. Jennings, Jr., Esq.
          42-40 Bell Blvd, Suite 601
          Bayside, New York 11361
          Telephone: (917)692-9790
          *Attorneys for Plaintiffs*